Samuel Erdreich, Appellant, *v.* Leopold Zimmerman et al., etc., Respondents.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Contracts — when contract for purchase of German war loan bonds becomes invalid — money had and received.

While a contract for the purchase of German war loan bonds, made before the United States had declared war against Ger-

many, is legal, it became invalid upon the declaration of war between said countries and the cash paid at the time of the purchase may be recovered in an action for money had and received.

APPEAL by plaintiff from a judgment of the City Court of the city of New York, in favor of the defendants, entered upon the verdict of a jury directed by the court.

Abraham I. Spiro (Abraham Mann, on the brief), for appellant.

Louis Werner (Osmund K. Fraenkel, of counsel), for respondents.

MULLAN, J.    There is no substantial disagreement as to the facts. The plaintiff, on December 14, 1916, purchased from defendants, paying $1,775 therefor, five per cent bonds of the German government, Fifth War Loan, in the amount of 10,000 marks. The receipt provided that " the aforesaid securities are to be delivered by us [defendants] at our office against return of this interim certificate, upon arrival from Europe." The bonds have never been delivered. The plaintiff knew there would be some delay. In February, 1917, he called upon defendants and asked when he might expect to receive the bonds and they gave him no definite assurances, but counselled him to " have patience." Some time in April, 1917, the date not being fixed, but after we had declared war against Germany, the plaintiff called upon the defendants, and demanded the return of his money, and was met by a frank refusal and advice to wait as " there is war going on."

The learned trial justice directed a verdict for defendants, after expressing the view " that the defendants are not bound to deliver the bonds to the

plaintiff until they arrive from Europe.'' We think the plaintiff's request for a direction should have been granted. If this country had not become engaged in war with Germany, questions relating to embargoes and blockades and other matters that were brought into the case by the defendants might be of importance in varying degrees, but in our opinion the contract became illegal, and thus unenforcible, from the moment Germany became an enemy nation. Defendants' counsel urges that the mere circulation in this country of enemy money or securities would be illegal, citing *Kannengiesser* v. *Israelowitz,* 107 Misc. Rep. 349, and 19 Col. Law Review, 112, 126, and we agree with him. We differ with him, however, in respect of the effect of such illegality. The illegality clearly does not enable the defendants to wait until the peace terms are signed and then tender the bonds. Can it even be presumed that the enemy's war loan bonds shall, after the peace is made, be allowed upon sale or in currency in this country? Furthermore, for all that could have been known in April, 1917, this might have been a war of thirty years or of even longer duration. It seems plain to us that while the transaction was perfectly legal when made, it became invalid when we went to war, and that an action in plaintiff for money had and received at that time grew out of the situation.

Judgment reversed, with costs, and judgment directed for plaintiff for $1,775, with interest from April 30, 1917, and costs in the court below.

Guy and Bijur, JJ., concur.

Judgment reversed, with costs.